UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1611 COLD SPRING ROAD ) <br> OPERATING COMPANY, LLC D/B/A ) <br> SWEETWOOD OF WILLIAMSTOWN ) <br> RETIREMENT LIVING COMMUNITY ) <br>   Plaintiff/Defendant in Counterclaim ) <br> ) <br> vs. ) <br> ) <br> PAMELA SKINNER, INDIVIDUALLY ) <br> AND AS ASSIGNEE OF ROWLAND ) <br> AND DELMA SKINNER, ) <br>   Defendants/Plaintiffs in Counterclaim ) <br> ) <br> And ) <br> ) <br> ESTATE OF DELMA SKINNER, ) <br>   Plaintiff ) <br> vs. ) <br> ) <br> 1611 COLD SPRING ROAD ) <br> OPERATING COMPANY, LLC D/B/A ) <br> SWEETWOOD OF WILLIAMSTOWN ) <br> RETIREMENT LIVING COMMUNITY ) <br>   Defendant ) | Civil Action No. 21-400312-KAR |

MEMORANDUM AND ORDER CONCERNING PAMELA SKINNER'S MOTION TO
COMPEL DEPOSITION TESTIMONY OF VIRGINIA VAN STEEMBURG
(Dkt. No. 66)

ROBERTSON, U.S.M.J.

    I.    <u>Introduction</u>

Plaintiff 1611 Cold Spring Road Operating Company, LLC d/b/a/ Sweetwood Retirement Living Community ("Sweetwood") operates an independent living community in Williamstown. Sweetwood filed this action seeing a declaration of its rights and the rights of defendant and plaintiff in counterclaim Pamela Skinner ("Skinner"), as representative of the estate of her deceased mother, Delma Skinner, under one or more residency agreements for occupancy of a

1

Sweetwood residential unit. Delma Skinner died in January 2020. Skinner, in her capacity as representative of her mother's estate and counterclaim plaintiff, seek to recover an entrance fee – or a portion thereof – that she claims is due to the estate under one or more residency agreements between Sweetwood and her deceased parents. Now before the court is Skinner's motion to compel deposition testimony and the production of documents from non-party Virginia Van Steemburg. For the reasons set forth below, the court denies Skinner's motion. The court's decision does not foreclose the parties from seeking the court's intervention to resolve issues that may come up if Skinner elects to proceed with Ms. Van Steemburg's deposition.

II. Relevant Background

According to Sweetwood, the residency agreements at issue provided for the return of the entrance fee, minus a deduction of 1% for each full month for up to ten months that the resident lived in the unit, subject to certain conditions, including that a new resident has signed an agreement to occupy the unit of the deceased resident and paid the residency fee. In the alternative, the residency agreement provides for the return of the entrance fee after a resident dies, minus a deduction of 1% per month for the resident's entire tenancy, subject to a written waiver of the right to receive a refund of the entrance fee or a portion thereof, on conditions set forth in other sections of the agreement (Compl., ¶¶ 22-25). Massachusetts law provides, *inter alia,* that "[t]he entrance fee minus no more than one per cent for each month of occupancy shall be refunded to the resident when the resident leaves the facility or dies." Mass. Gen. Laws ch. 93, § 76(c)(4). Sweetwood contends that because this is one refund option that it offers after the death of a resident, its residency agreements comply with Massachusetts law. For her part, Skinner contends that the residency agreements do not comply with Massachusetts law and that Sweetwood has failed timely to return the entrance fee owed to Skinner.

In support of her motion, Skinner has filed a copy of a complaint Ms. Van Steemburg filed with the Office of the Massachusetts Attorney General. Ms. Van Steemburg alleged that her deceased mother's residency agreement provided for a refund of 90% of the entrance fee upon the subsequent sale of her unit, but Sweetwood made no effort to renovate or market the unit, did not pay the refund it owed, and offered an insufficient settlement amount (Dkt. No. 67-1 at 3). After Ms. Van Steemburg filed the complaint with the Attorney General's Office, she entered into a settlement agreement ("Settlement Agreement") with Sweetwood that included the following confidentiality provision:

> Confidentiality. The Representative [of the deceased tenant's estate] agrees, and shall cause the Representative's advisers and attorneys to agree, to keep and maintain the existence and terms of this Agreement confidential, and neither this Agreement nor its terms shall be disclosed by the Representative, or the Representative's advisers and attorneys, to any person or entity, except as required by applicable law, and in such instance, only after providing prior written notice to the Operator and providing the Operator with the opportunity to take such action as may be necessary in order to prevent such disclosure.

(Dkt. No. 67 at 5; Dkt. No. 76 at 3). By her motion, Skinner seeks an order from the court "Permitting Van Steemburg to testify despite the alleged existence of a confidentiality agreement between Virginia Van Steemburg and [Sweetwood]" (Dkt. No. 66 at 2). Sweetwood does not object to Skinner deposing Ms. Steemburg, but argues that if the deposition occurs, Skinner should not be permitted to circumvent Ms. Van Steemburg's confidentiality obligation under the Settlement Agreement (Dkt. No. 76 at 3).

   III.   Discussion

   1. Standard of review.

As to the scope of discovery, Fed. R. Civ. P. Rule 26(b) authorizes parties to:

Obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

      parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Skinner, as the party, seeking discovery, "has the burden of proving the relevancy of the discovery [she] seeks." *ACI Worldwide Corp. v. Keybank Nat'l Assoc.*, Civil Action No. 17-cv-10662-IT, 2018 WL 4510266, at *1 (D. Mass. July 31, 2018) (citing *Judson v. Midland Credit Mgmt., Inc.*, Civil Action No. 13-11435-TSH, 2014 3829082, at *1 (D. Mass. Aug. 1, 2014)).

    2. Skinner's motion is overbroad and unduly burdensome as to the documents whose production it seeks to compel and premature as to compelling testimony.

      As an initial matter, the court denies Skinner's motion because it is procedurally inappropriate on several fronts. Skinner represents that Ms. Van Steemburg was served with a subpoena to testify and has not refused to testify, but Skinner anticipates that Ms. Van Steemburg will refuse to testify in light of Sweetwood's objection and the confidentiality provision in the Settlement Agreement (Dkt. No. 67 at 7). According to Skinner's counsel, Skinner seeks an order from the court compelling Ms. Van Steemburg's testimony in anticipation of an objection "for Skinner's benefit [and] … for the protection of the witness, Van Steemburg, to give her clear guidance as to the topics she can testify to in light of the Settlement Agreement and the alleged confidentiality terms contained therein" (Dkt. No. 67 at 7 n.5). Skinner asks this court to enter an order prospectively compelling Ms. Van Steemburg to testify about six broadly defined topics set forth in a proposed order and to compel Ms. Van Steemburg to produce all complaints she made to any governmental agency about Sweetwood; all communications between Ms. Van Steemburg and any agent of Sweetwood, including her personal notes relating

4

to such communications; all contracts between Ms. Van Steemburg and/or her mother and Sweetwood; and all "negotiated resolutions" between Ms. Van Steemburg and Sweetwood (Dkt. No. 67-4).

      First, as to the document requests, Ms. Van Steemburg is a non-party who, so far as appears from the record, is unrepresented. Certainly, she has not been shown to have any interest in the instant action. "'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs'" between a "stranger to the litigation" and a party. *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 755 F.3d 55, 59 (1st Cir. 2014) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *see also Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 42 (1st Cir. 2003) (the First Circuit upheld a district court order quashing a subpoena served on a non-party in the underlying litigation where there was an imbalance between the need for the subpoena and the burden compliance would have placed on the non-party). The document requests in the proposed order, directed to a non-party, are unduly broad and burdensome and request documents that, on their face, do not appear relevant to the instant action. For this reason, the court will not grant so much of Skinner's motion as seeks an order compelling Ms. Van Steemburg to produce all of the documents in all of the categories set forth in the proposed order.

      Second, as to the portion of the proposed order that would prospectively compel Ms. Van Steemburg to answer questions on six broadly defined topics, "the court will not order a deponent to answer questions in an 'area of inquiry' before [s]he has been deposed …." *Tardiff v. County of Knox*, 246 F.R.D. 66, 67 (D. Me. 2007). Indeed, as this court has previously noted, "a court must ordinarily consider the invocation of a privilege or other protection from discovery that is raised during a deposition on a question-by-question basis." *Yourga v. City of*

*Northampton*, Civil Action No. 16-30167-MGM, 2018 WL 11584148, at *4 (D. Mass. July 9, 2018) (citing cases). "[D]eponents are expected … to assert their objections during the deposition and to allow questioning parties to develop circumstantial facts in order to explore the propriety of the assertion of … [confidentiality] or other objection." *Kaiser v. Mut. Life Ins. Co. of N.Y.*, 161 F.R.D. 378, 380 (S.D. Ind. 1994); *see also Armada (Singapore) Pte Ltd v. Amcol Int'l Corp.*, 160 F. Supp. 3d 1069, 1070-71 (N.D. Ill. 2016). The court is unable to provide Ms. Van Steemburg "clear guidance" as to the topics about which she can testify and questions she may refrain from answering without the context of the actual questions. "[S]tatements in briefs that purport to resolve this … issue do not count." *Armada (Singapore)*, 160 F. Supp. 3d at 1070. For this reason, the court will not enter an order prospectively compelling Ms. Van Steemburg to answer any and all questions posed to her in the six broad topic areas identified by Skinner.

3. Skinner has not shown that discovery concerning the negotiation and terms of the Settlement Agreement are proportional to the needs of the case.

Sweetwood does not seek to prevent Skinner from deposing Ms. Van Steemburg. Rather, Sweetwood's opposition to Skinner's motion is limited to the contention that Skinner should not be "permitted to attempt to circumvent Van Steemburg's and Sweetwood's agreement that the confidentiality of the settlement agreement would be maintained." (Dkt. No. 76 at 7). The parties' respective arguments on this issue are sufficiently developed that the court deems it appropriate to address the issue before the parties convene Ms. Van Steemburg's deposition.

Another session of this court has observed that "there are two divergent lines of thinking that courts have followed in deciding whether settlement agreements should be discoverable." *Sullivan v. Experian Info. Sols., Inc.*, CIVIL ACTION NO. 16-11719-MLW, 2019 WL 12315947, at *1 (D. Mass. Apr. 8, 2019) (citing *Bennett v. Lapere*, 112 F.R.D. 136, 138 (D.R.I.

1986); *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982)).  The court noted that *Bennett* favored "disclosure of settlement documents, stating that the burden should be on the *opponent* of discovery to show that the evidence *is not likely* to lead to the discovery of admissible evidence" *id.* (citing *Bennett*, 112 F.R.D. at 140), while "*Bottaro* disfavors disclosure, holding that the burden should be on the *proponent* of discovery to show that the evidence *is likely* to lead to the discovery of admissible evidence." *Id.* (citing *Bottaro*, 96 F.R.D. at 160).  In resolving questions about the discoverability of settlement agreements, sessions of this court often have paid particular attention to the question of relevance, taking into account the nature of the settlement process and any resulting agreement.

For example, in *Hayes v. Boston Pub. Health Comm'n*, Civil Action No. 11-11859-MLW, 2013 WL 5564184 (D. Mass. Oct. 7, 2013), plaintiff brought Title VII claims against the Boston Public Health Commission ("BPHC") and three individuals associated with the BPHC, alleging discrimination on the basis of race and retaliation.  *Id.* at *1.  Plaintiff sought discovery concerning a settlement agreement between BPHC and a former employee who had claimed discrimination on the basis of gender and sexual orientation.  *Id.* at *1.  The defendants declined to provide the discovery on the ground that the agreement included a confidentiality provision.  *Id.* at *1.  In denying the discovery motion, the court observed that, although the lawsuit that had resulted in the settlement agreement involved allegations of discrimination as did the case before the court, the alleged conduct in the settled case did not involve discrimination based on race and did not involve the same individuals.  *Id.* at *2.  The court went on to note more generally that:

> [e]ven if the facts of the [settled case] were comparable to the facts alleged in [the matter before the court, the plaintiff] has not shown that the Settlement Agreement is likely to lead to the discovery of admissible evidence.  Settlement agreements reflect compromises that have been negotiated between parties to a litigation.  They do not determine the outcome of factual disputes or establish an evidentiary record.

*Id.* at *3.  Here, Skinner has not shown that the Settlement Agreement between Sweetwood and Ms. Van Steemburg would bears much, if any, relation to the legal question that is at the heart of this case.  That question is whether, assuming the Sweetwood residency agreements offer an option for the return of the entrance fee that is in compliance with Mass. Laws ch. 93, § 76(c)(4) as to the amount of the refund, subject to certain conditions, Sweetwood has an obligation to use best efforts to enable occupancy of the units of deceased residents where the refund option conditioned on future occupancy is likely to be economically beneficial to the representative of the estate of a deceased resident.

Skinner has not shown that discovery of the Settlement Agreement is relevant to this question.  Skinner's reliance on her Chapter 93A claims is unavailing.  If Sweetwood's residency agreements are not in compliance with Mass. Laws ch. 93, § 76(c)(4), that is a per se violation of Chapter 93A.  *See* Mass. Gen. Laws ch. 93, § 76(e) (notwithstanding other remedies in the statute, violations of the provisions of § 76 "shall constitute an unfair and deceptive trade practice under the provisions of chapter ninety-three A").  In short, discovery concerning a settlement agreement between Sweetwood and Ms. Van Steemburg, which represents a compromise between those parties and cannot be evidence of Sweetwood's knowing failure to comply with its statutory or contractual obligations, is not proportional to the needs of the instant case.

IV. <u>Conclusion</u>

For the foregoing reasons, Pamela Skinner's Motion to Compel Deposition Testimony of Virginia Van Steemburg is DENIED.  No award of fees or costs to either party is warranted.  *See* Fed. R. Civ. P. 37(a)(5).

It is so ordered.

Dated:  December 18, 2023                    /s/ Katherine A. Robertson
                                             KATHERINE A. ROBERTSON
                                             U.S. MAGISTRATE JUDGE